IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DERRICK LIPSEY,**

    **Petitioner,**

    **v.**

                                                **Case No. 2:97-CV-602**
                                                **Crim. No. 2:92-CR-119(7)**
                                                **Judge Graham**
                                                **Magistrate Judge King**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

This matter is before the Court on petitioner's June 3, 2005, motion for relief judgment. Doc. No. 625. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) is properly construed as a successive petition and **TRANSFERRED** to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §1631 for authorization under 28 U.S.C. §2244(b)(3)(A).

Petitioner requests relief from this Court's September 16, 1998, final judgment dismissing his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255, pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5)

>the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

## I. PROCEDURAL HISTORY

A review of the procedural history is helpful. The underlying criminal conviction involves petitioner's October 14, 1992, guilty plea pursuant to a plea agreement to conspiracy to possess with intent to distribute and distribution in excess of five kilograms of cocaine. Doc. Nos. 288, 289. On March 18, 1993, petitioner filed a motion to withdraw his guilty plea,[1] which motion was denied after a hearing on June 25, 2003. Doc. Nos. 399, 426-27; *see Opinion and Order,* July 6, 2003, Doc. No. 432. Petitioner was sentenced to 360 months imprisonment and five years supervised release. Doc. No. 429. Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit. *United States v. Lipsey*, 43 F.3d 1473 (6th Cir. 1994)(unpublished). On May 21, 1997, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. On October 29, 1997, petitioner filed a motion to supplement his §2255 petition. Doc. No. 517. On December 29, 1997, petitioner filed a second supplement to his §2255 petition, in which he consolidated and condensed all of the allegations presented in his initial and

---

[1] In his motion to withdraw guilty plea, petitioner asserted that his attorney had failed to advise him of sentencing ramifications, failed to conduct research or raise an issue regarding a defective indictment, and coerced petitioner's guilty plea through petitioner's family. Petitioner also asserted that his guilty plea was made under duress and that the guilty plea was not in his best interest. Exhibit B to *Motion for Relief from Judgment.*

2

supplemental habeas corpus filing.[2] *See* Docs. No. 522, 531. On September 16, 1998, petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 was dismissed. Doc. No. 540. Petitioner's appeal from that judgment was dismissed. *Lipsey v. United States*, Case No. 98-4491 (6th Cir. November 2, 1999). On October 9, 1998, petitioner filed objections to the dismissal of his habeas corpus petition, which motion was construed as a motion for relief from judgment and denied.[3] Doc. Nos. 541, 543. On November 4, 1998, petitioner filed a motion for reconsideration and motion to amend his §2255 petition, Doc. Nos. 545, 546, which motions also were denied. Doc. No. 550. Additionally, petitioner filed a September 10, 2003, *Request for Stipulation*, a September 22, 2003, *Motion to Amend Pleadings*, and a September 23, 2003, *Motion for Declaratory Judgment*, which motions were collectively construed as a successive §2255 petition, *see* Doc. No. 616; however, these motions were later withdrawn pursuant to petitioner's request. Doc. No. 620. Petitioner now asserts that relief from final judgment dismissing his habeas corpus petition is warranted due to "fraud on the Court" committed by former trial counsel, D. Timothy Huey, during Huey's testimony at the June 30, 1993, hearing on petitioner's motion to withdraw his guilty plea. *Motion*, at 1-2.[4] Petitioner asserts that, when Huey summarized the terms of the plea agreement, he improperly failed to state that it was his understanding that the government had promised to file a motion for downward departure from the sentencing guidelines pursuant to

---

[2] Petitioner asserted, *inter alia,* that his "conviction was obtained and sentence imposed in violation of the plea agreement." *See Opinion and Order*, September 16, 1998, Doc. No. 540.

[3] Petitioner again asserted, *inter alia*, that his attorney had failed to notify the Court of all of the terms of the plea agreement and that the government would file a motion for downward departure from the sentencing guidelines regardless of whether petitioner provided information against his family members. *Objections*, at 12.

[4] In an order filed July 6, 1993, the Court denied petitioner's motion to withdraw his guilty plea. *See Order*, Doc. No. 432.

18 U.S.C. §3553(e) and §5K1.1[5] if petitioner "cooperated through a debriefing on all matters other than information relation to his family members." *Motion for Relief from Judgment*, at 5. Petitioner has attached in support of his motion correspondence between Huey and Michael Burns, Assistant U.S. Attorney, dated October 26, 1992, and December 26, 1992, which, he alleges, constitutes "startling new evidence" obtained subsequent to the filing of his §2255 petition and which affects the integrity of this Court's September 16, 1998, final judgment dismissing his §2255 petition.

**II**.

As a threshold matter, this Court must determine whether petitioner's motion is properly construed as a successive petition under the Antiterrorism and Effective Death Penalty Act

---

[5] 18 U.S.C.A. §5K1.1 provides:

5K1.1 Substantial Assistance to Authorities (Policy Statement)

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

(AEDPA),[6] or whether the Court has jurisdiction to consider petitioner's motion under Federal Rule of Civil Procedure 60(b). *See Post v. Bradshaw*, – F.3d –, 2005 WL 1796223 (6th Cir. July 29, 2005)(Petitioner's 60(b) motion based upon habeas counsel's failure to pursue discovery constituted a successive petition "forbidden by the AEDPA-amended provisions of 28 U.S.C. § 2244(b).")

The United States Supreme Court recently clarified that the circumstances under which a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) in habeas corpus proceedings constitutes the filing of a successive petition under the AEDPA. *See Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005).[7] The Supreme Court held:

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek

---

[6] 28 U.S.C. §2255 provides in relevant part:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[7] *Gonzalez v. Crosby* involved a §2254 action, and the Supreme Court noted that its decision was limited to cases under §2254. *Id.*, at 2646 n.3. However, this Court is unable to discern any reason that would make *Gonzalez* inapplicable to the facts of this case, and considers the holding in *Gonzalez,* if not binding, certainly strongly persuasive authority. *See United States v. Scott*, – F.3d –, 2005 WL 1618823 (7th Cir. July 17, 2005)(applying *Gonzalez* in 2255 proceedings); *United States v. Terrell*, 2005 WL 1672122 (11th Cir. July 19, 2005)("Although *Gonzalez* addressed a Rule 60(b) motion and decided the issue only under § 2254, *see id.* at n. 3, we believe that its holding and rationale apply equally to § 2255.")

5

leave to present that claim. *Cf. Harris v. United States*, 367 F.3d 74, 80-81 (C.A.2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe*, 324 F.3d 66, 69 (C.A.1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher*, 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell*, supra, at 71-72; *Dunlap, supra*, at 876.

We think those holdings are correct....

Using Rule 60(b) to present new claims for relief... --even claims couched in the language of a true Rule 60(b) motion--circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief... will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous

6

> resolution of a claim on the merits, [FN4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. [FN5]
>
> FN4. The term "on the merits" has multiple usages. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.
>
> FN5. Fraud on the federal habeas court is one example of such a defect. *See generally Rodriguez v. Mitchell*, 252 F.3d 191, 199 (C.A.2 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, *see, e.g., supra*, at 2647, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.
>
> When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's... conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.

*Id*., at 2647-2648 (citation omitted).  In *Gonzalez v. Crosby*, the Supreme Court concluded that a

7

60(b) motion alleging that the federal courts had misapplied the statute of limitations for federal habeas corpus petitions under 28 U.S.C. §2244(d), was properly considered under Federal Rule of Civil Procedure 60(b) and not as a successive petition. *Id.*, at 2648.

Here, as previously discussed, petitioner asserts that he has new evidence demonstrating that his attorney committed a fraud on the Court during his June 24, 1993, testimony on the hearing on petitioner's motion to withdraw his guilty plea. *Motion for Relief From Judgment*, at 1-2. More specifically, petitioner asserts that his attorney improperly failed to state that he understood that the government had promised to file a motion for downward departure from the sentencing guidelines if petitioner cooperated through a debriefing on all matters other than information relating to family members. *Id.*, at 3-4. Instead, counsel stated that "there was a chance" the government would file a 5K1.1 motion for substantial assistance. *Id.*, at 3. Although petitioner couches his motion in terms of fraud on the Court, petitioner essentially is asking for a reconsideration of the merits of his claim that "his conviction was obtained and sentence imposed in violation of the plea agreement," which claim has already been dismissed by this Court. *See Opinion and Order*, September 16, 1998, at 3. Thus, petitioner's motion "attacks.. the substance of [this Court's] resolution of [his] claim on the merits," not a "defect in the integrity of the federal habeas proceedings," *Gonzalez v. Crosby, supra*, 125 S.Ct. at 2648, and is properly treated as a successive petition under the AEDPA. *Id*.

28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the AEDPA, a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of

appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2255 motion unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims, supra*:

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244 authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id*. at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2nd Cir. 1996)(*per curiam*).

9

The Court notes that, even if petitioner's motion were properly construed under Federal Rule of Civil Procedure 60(b), and assuming that such motion is timely, the motion is plainly without merit. Contrary to petitioner's allegations, review of the record indicates that letters attached in support of his motion do not constitute new evidence of fraud undermining the integrity of these proceedings. Petitioner raised the same allegations he now presents and attached the same letters as exhibits in support of his §2255 petition. *See Motion to Supplement §2255 Petition*, Doc. No. 517, Exhibits 2 and 3.[8] Petitioner again raised these same allegations and attached the same letters as exhibits in support of his October 9, 1998, objections to the final judgment dismissing his habeas corpus petition (which motion was construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)), and in subsequent filings that were later withdrawn at his request.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) be construed as a successive petition and **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §1631 for authorization under 28 U.S.C. §2244(b)(3)(A).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper

---

[8] On December 29, 1997, petitioner filed a second §2255 petition consolidating all of the previous claims raised in the initial §2255 petition, and in the amendment to the §2255 petition. *See* Doc. No. 522

objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

<u>August 8, 2005</u>                                                    <u>*s/Norah McCann King*</u>
                                                                                       Norah McCann King
                                                            United States Magistrate Judge